PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee
## Third Supplemental Petition for Warrant or Summons
## for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 42]

Name of Offender: John Edward Howard        Case Number: 3:10-00281-01

Name of Sentencing Judicial Officer: Honorable Todd J. Campbell, U.S. District Judge

Date of Original Sentence: April 28, 2011

Original Offense: 18 U.S.C. 473: Sale of Counterfeit Federal Reserve Notes.

Original Sentence: 3 years' probation.

Type of Supervision: Probation        Date Supervision Commenced: April 28, 2011

Assistant U.S. Attorney: William Lee Deneke        Defense Attorney: Richard L. Tennent

## PETITIONING THE COURT

- ☐ To issue a Summons.
- ☐ To issue a Warrant.
- ☒ To Consider Additional Violation / Information.

---

THE COURT ORDERS:
- ☐ No Action
- ☐ The Issuance of a Warrant:
  - ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
- ☐ The Issuance of a Summons.
- ☒ Other Consider additional alleged violations

Considered this 14 day of Nov, 2013, and made a part of the records in the above case.

_Todd Campbell_
Honorable Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Lisa Capps /bp_
Lisa A. Capps
Sr. U.S. Probation Officer

Place   Columbia, TN

Date    November 14, 2013

## ALLEGED VIOLATIONS

**The information provided in the previous petition, filed as docket entry No. 42, has been amended as follows:**

**Violation No. 5 has been added detailing the offender's alleged new charge from September 27, 2013.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.              **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

   On January 7, 2013, February 6, 2013, and March 19, 2013, Mr. Howard submitted urine samples that tested positive for marijuana. Mr. Howard admitted that he had used marijuana prior to all three tests. It should be noted that this offender has tested positive for marijuana on eight different occasions since the beginning of probation.

   When questioned about the positive urine screens listed in the violation petition, Mr. Howard admitted that he had used on three occasions. He stated that his last use had been in March 2013, prior to the positive on March 19, 2013. According to the U.S. Probation Office test log, his most recent negative test was on May 29, 2013. This probation officer issued a verbal reprimand to Mr. Howard for violating his conditions of supervised release by using illegal drugs. Mr. Howard was re-instructed as to all his conditions, and specifically instructed not to possess or use illegal substances. Mr. Howard's drug testing was increased to the most intensive level as a result of these new violations. In addition, Mr. Howard was continued in Phase 3 of the LIOP, which requires participants to engage in bi-weekly group drug treatment sessions, and individual counseling was added.

2.              **The defendant shall participate in a program of drug testing at the direction of the Probation Officer:**

   On March 18, 2013, Mr. Howard failed to report for a random urine screen at the U.S. Probation Office, Nashville, Tennessee. It should be noted that this offender has failed to show for drug testing on six different occasions since the beginning of probation.

3.              **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

   On June 7, 2013, Mr. Howard submitted a urine sample that tested positive for marijuana. Mr. Howard denied any use of illicit drugs.

   This officer attempted to contact Mr. Howard via telephone and at home several times within the past month, with no success. It was determined that Mr. Howard had changed telephone numbers without advising this officer. He listed a new telephone number on his monthly report form which was received on June 7, 2013. This officer attempted to call the telephone number on June 11, 2013, but it stated the offender was unavailable. A text was sent to Mr. Howard and he returned this officer's call that same day. At that

    time, he was questioned about the positive urine sample submitted on June 7, 2013. He stated that his son had been in the hospital the previous week and he was very worried about him and depressed. Mr. Howard recalled consuming two beers on June 5, 2013, but did not recall using marijuana.

**4.**     **The defendant shall not purchase, possess, use, distribute, or administer any controlled substance:**

    On June 20, 2013, Mr. Howard submitted a urine sample that tested positive for marijuana. When questioned about the positive urine screen, Mr. Howard denied any new use of marijuana.

**5.**     **The defendant shall not commit another federal, state, or local crime:**

    **On September 27, 2013, in Davidson County, Tennessee, Mr. Howard was cited for Possession or Casual Exchange of a Controlled Substance, by the Metropolitan Nashville Police Department (MNPD). According to the Citation, Mr. Howard was the front seat passenger of a vehicle that was stopped for making an improper turn. During the stop, the driver consented to a search of the vehicle and Mr. Howard consented to a search of his person. During the search, officers recovered approximately four grams of marijuana under the front passenger seat.**

    **When questioned about this incident, Mr. Howard advised that he was riding with his cousin that night on the way to his Aunt's birthday party. They were stopped for a traffic violation and officers found marijuana in the vehicle under his seat. Mr. Howard stated the marijuana did not belong to him and he did not know it was in the vehicle. His cousin told him that the marijuana belonged to his girlfriend and that he would accompany Mr. Howard to Court and advise the Judge the marijuana did not belong to him. Mr. Howard was booked on this charge on October 21, 2013, and has a trial date set for January 21, 2014.**

**Compliance with Supervision Conditions and Prior Interventions:**

On May 16, 2012, a 12A petition was submitted notifying the Court of drug use and driving on a suspended license. It was recommended no action be taken at that time. Said petition was signed by Your Honor on May 18, 2012.

On February 7, 2013, a second 12A petition was submitted notifying the Court of drug use on December 27, 2012, and February 6, 2013. It was recommended that no action be taken, but the violations be held in abeyance. Said petition was signed by Your Honor on February 13, 2013. It should be noted that the December 27, 2012, date was in error and the correct date for that positive urine sample was January 7, 2013.

On April 18, 2013, a 12C petition was submitted notifying the Court of drug use on January 7, 2013, February 6, 2013, and March 19, 2013, as well as failure to report for a random urine screen on March 18, 2013. It was recommended a summons be issued for Mr. Howard to appear before Your Honor. Said petition was signed by Your Honor on April 18, 2013. A summons was issued for Mr. Howard to appear on or before May 6, 2013. Mr. Howard subsequently failed to appear on the summons. This officer was finally able to get in contact with Mr. Howard on June 7, 2013, and asked him why he had failed to appear on the summons issued by the Court for May 6, 2013. Mr. Howard stated that he never received it. He was directed to report Friday, June 14, 2013, on the summons. On June 14, 2013, Mr. Howard appeared before U.S. Magistrate Judge E. Clifton Knowles for an Initial Appearance on the summons, and was released pending the final revocation

hearing.

On June 14, 2013, a Supplemental 12C petition was submitted notifying the Court of drug use on June 7, 2013. It was recommended the new violation behavior be considered at the revocation hearing scheduled for June 27, 2013. The revocation hearing was subsequently continued until July 31, 2013.

**On July 26, 2013, a Second Supplemental petition was submitted notifying the Court of a positive urine screen on June 20, 2013.**

**Since being placed on supervision on April 28, 2011, Mr. Howard has submitted a total of 63 urine samples, of which 53 have been negative.**

<u>Update on Offender Characteristics:</u>

John Howard is a resident of Davidson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since April 28, 2011. He is not currently employed. He lives with his wife and son in Madison, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence. **Mr. Howard participates in Phase 3 of the Low-Intensity Outpatient Program (LIOP) which requires participants to engage in monthly group drug treatment sessions.**

<u>U.S. Probation Officer Recommendation:</u>

**It is respectfully requested that the additional violations and/or information be considered at the revocation hearing which is scheduled for December 2, 2013. The U.S. Attorney's Office is agreeable with this recommendation.**

Approved: _____
Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. JOHN EDWARD HOWARD, CASE NO. 3:06-00234-01

GRADE OF VIOLATION:       C
CRIMINAL HISTORY:         V

ORIGINAL OFFENSE DATE:    POST APRIL 30, 2003       PROTECT ACT PROVISIONS

The offender is presently serving a three-year term of probation. According to 18 U.S.C. § 3565(a)(1) and (2), if the offender violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, after a hearing and after consideration of the factors set forth in 18 U.S.C. § 3553(a), do the following: (1) continue the offender on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and re-sentence the offender. If the offender is revoked and re-sentenced, the following provisions are applicable:

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | Not more than 20 years | 18-24 months | none |
| SUPERVISED RELEASE: | Not more than 3 years | 1-3 years | none |

**Statutory Provisions:** Revocation is mandatory if the Court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection(d). 18 U.S.C. § 3583(g)(1). Revocation is also mandatory if the defendant refuses to comply with drug testing, thereby violating the condition imposed by section 3563(a)(4). 18 U.S.C. § 3565(b)(3). Additionally, revocation is mandatory if as a part of drug testing, the defendant tests positive for illegal controlled substances more than 3 times over the course of 1 year. 18 U.S.C. § 3565(b)(4).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

Lisa Capps /bp
Lisa A. Capps
Sr. U.S. Probation Officer

Approved: Burton Putman
Supervising U.S. Probation Officer